(66 Misc. Rep. 177.)

CHERNICK v. INDEPENDENT AMERICAN ICE CREAM CO.

(Supreme Court, Appellate Term.   February 18, 1910.)

1. DAMAGES (§ 182*)—ACTION FOR PERSONAL INJURIES—EVIDENCE—INSURANCE.
    In an action for damages for injuries from negligence, it is error to admit evidence that defendant is insured against such damages.
    [Ed. Note.—For other cases, see Damages, Dec. Dig. § 182.*]

2. APPEAL AND ERROR (§ 1053*)—REVIEW—HARMLESS ERROR—EFFECT OF STRIKING OUT EVIDENCE.
    The error in admitting evidence that defendant is insured against the damages sued for is not cured by afterward striking out the evidence.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4178–4184; Dec. Dig. § 1053.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Philip Chernick against the Independent American Ice Cream Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Raymond David Fuller, for appellant.

Charles S. Rosenthal, for respondent.

SEABURY, J. This action was brought to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant. The judgment recovered must be reversed, because evidence prejudicial to the defendant was erroneously received. The president of the defendant on cross-examination was asked the following question:

"When you got these papers, what did you do with them, the summons and complaint?"

The counsel for the defendant promptly objected; but, in the absence of a ruling by the trial court, the witness replied:

"I sent it to the company, because I am insured for that."

The question was improper, and the court should have promptly sustained the objection made to it. The action of the court in striking the answer from the record did not cure its previous error in permitting it to be received. The court could not erase this evidence from the minds of the jury by striking it from the record, and the motion for the withdrawal of a juror should have been granted.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.