## YOAST v. SIMS, Adm'r.

No. 17453—Opinion Filed Feb. 15, 1927.

(Syllabus.)

**Appeal and Error—Reversible Error—References in Trial of Personal Injury Case to Defendant Being Protected by Insurance.**

In a suit for personal injuries, after the jury has been sworn and placed in the jury box, no references should be made as to whether or not the defendant carried insurance, and if such references are made, it is reversible error although the trial court instructs the jury not to consider the same.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by Frank Sims, as administrator of the estate of Roy Sims, deceased, against R. D. Yoast, to recover for personal injuries. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Rittenhouse & Rittenhouse, Frank E. Lee, and J, Fred Swanson, for plaintiff in error.

Frank Nesbit, for defendant in error.

HEFNER, J. The parties will be referred to as they appeared in the lower court; plaintiff in error, as defendant, and defendant in error, as plaintiff.

In the latter part of June, 1924, the defendant employed Roy Sims, the son of plaintiff, to work as a drillman's helper in the operation of a mineral prospect drill rig, and on July 23, 1924, while helping to change a bit he was struck on or about the right knee and injured, but continued to work for the defendant for about two weeks, and thereafter went to work for Alver Mitchell and worked for him until October 17, 1924, and on January 25th his right leg was amputated about two-thirds the way up from his knee towards his hip and on April 12, 1925, he died.

This suit was brought by his administrator for "pain and suffering" only, and not for death.

The case was tried to a jury in the court below, and a verdict was returned for the

plaintiff for $10,000. Thereafter the plaintiff remitted $5,000 of this judgment, and the court, on the verdict and the plaintiff's remittitur, rendered judgment in favor of plaintiff against defendant for $5,000, from which judgment the defendant prosecutes this appeal.

Since this judgment was rendered plaintiff has filed another action in the district court of Ottawa county, Okla., in which action he has sued the defendant for damages on account of the death of the deceased boy, Roy Sims.

Assignments of error Nos. 2 and 3 relate to conduct of the plaintiff and his attorney in bringing to the attention of the jury the fact that defendant carried insurance against injuries to his employees; the disqualification of the jury thereby, and error of the trial court in refusing to sustain the motions of defendant to discharge the jury.

After the jury had been selected, impaneled, and sworn, counsel for plaintiff in his opening statement to the jury, among other things, said:

"Mr. Yoast told him that he carried insurance on all of his employees, so that if any of these employees were injured or killed, why, they would be taken care of amply."

Thereafter plaintiff was called as a witness in his own behalf. In his answer to a question by his attorney as to a conversation with the defendant, he said: "Mr. Yoast said if he did get hurt, he carried insurance to protect him," and again immediately afterward plaintiff, in answer to a question by his attorney, made the following statement:

"I was up to where Mr. Yoast was, where he was drilling, and he asked me about the boy helping and I told him I didn't like for the boy to work on a drill rig for fear he would get hurt, that he never had done any drill work, which he hadn't, up until that time, and he said if he did get hurt, why he carried insurance on his men."

Again, in the testimony of plaintiff concerning what happened long after the injury, in answer to a question by his counsel, plaintiff said:

"Well, he came home and complained about it, and I sent him over to Mr. Yoast to see about his insurance."

Defendant duly objected to all of these proceedings and made timely motions to discharge the jury and continue the case on account of same, which motions were by the trial court overruled and exceptions saved by the defendant. While the trial court overruled these motions to discharge the jury and continue the case, he on every occasion sustained defendant's contention that these questions were incompetent, irrelevant, and immaterial, and in each instance instructed the jury not to consider the same for any purpose whatsoever.

It is defendant's contention that the insurance matter was brought to the attention of the jury for the purpose of making it believe that defendant had insurance and that the real defendant in the case was an insurance company instead of R. D. Yoast, an individual.

We do not believe the question of insurance should have been brought to the attention of the jury, and in this we are supported by the great weight of authority.

In the case of Birch et ux. v. Abercrombie et al., 133 Pac. 1020, the Supreme Court of Washington said:

"* * * Immediately before the direct question was asked, the court had ruled that the inquiry as to who Dr. Rockwell represented was incompetent, and the objection to that question was sustained, and yet plaintiff's counsel then asked the direct question, which was, in effect, a statement that there was an insurance company back of the defendant. In order to protect the defendant, its counsel was forced to object to the question, and yet by doing so he, in effect, admitted the fact; otherwise no objection would have been made. It is true the learned trial court properly struck out the answer, and instructed the jury not to consider it; but plaintiff's counsel improperly got the fact before the jury—a fact he knew he was not entitled to, and which the court had just excluded by its ruling. We think this constituted error which requires a reversal of the judgment. * * *"

The learned trial court in the case at bar properly struck out the incompetent evidence and instructed the jury not to consider it, but the fact was brought to the attention of the jury by the plaintiff, and in order to protect the defendant his counsel was forced to object to the question, and by doing so, he, in effect, admitted that the defendant carried insurance.

In the case of Chernick v. Independent Ice Cream Co., 66 Misc. Rep. 177, 121 N. Y. S. 352, the court said:

"The question was improper and the court should promptly sustain the objection to it. The action of the court in striking the answer from the record did not cure the previous error in permitting it to be received. The court could not erase this evidence from the minds of the jury by striking it

from the record, and the motion for the withdrawal of a juror should have been granted."

The Supreme Court of Colorado in the case of Coe et al. v. Van Why, 33 Colo. 315, 80 Pac. 894, said:

"We are satisfied that the unfavorable impression on the minds of the jury was not removed by the direction of the court to d.sregard the statement. Counsel knew when he made it that it was improper and reprehensible, and it is fair to presume that he would not have done so, had he not supposed that some advantage to his client would thereby be gained. In such cases counsel who thus seeks to obtain that result takes upon himself the risk of losing what he hopes to secure."

The same doctrine is announced by the Court of Civil Appeals of Texas in the case of Coon v. Manley, 196 S. W. 606, wherein the court said:

"Where the questions of defendant automobile driver's negligence and plaintiff's contributory negligence were close, the conduct of plaintiff's counsel in examining witnesses and during argument to jury in pointedly intimating that an insurance company was defending the case held reversible error, though the court charged that such intimations should be disregarded."

In the case of Martin v. Lilly, 121 N. E. 443, the Supreme Court of Indiana said:

"In a suit for injuries caused by defendant's automobile, misconduct of plaintiff's counsel in offering to prove that defendant carried an indemnity insurance, and that his attorneys were paid by the insurer, was not cured by instructions that defendant was not liable unless at the time of the accident the car was used in his business."

The Supreme Court of Maine, in the case of Sawyer v. J. M. Arnold Shoe Company, 38 Atl. 333, followed the same reasoning when it said:

"Juries should not be al'owed, in cases of this kind, to take into consideration the fact that an employer is insured against accidents. It would do more harm than good, and would increase the already strong tendency of juries to be influenced in cases of personal injuries, especially where a corporation is defendant, by sympathy and prejudice."

This same doctrine is announced by the following cases: Walters v. Appalachian Power Co., 75 W. Va. 676, 84 S. E. 617; Hollis v. United States Glass Co., 220 Pa. 49, 69 Atl. 55; Standridge v. Martin (Ala.) 84 South. 266; Standley v. Whiteville Lbr. Co. (N. C.) 114 S. E. 385; Trent v. Lechtman Printing Co., 141 Mo. App. 437, 126 S. W. 238.

It seems to us that the doctrine laid down in the foregoing cases is sound and should be followed. In reaching this conclusion we are not unmindful of the case of Letcher v. Skiver, 99 Okla. 269, 226 Pac. 1029. In that case, however, it was said:

"The authorities were not entirely harmonious on the question and counsel should exercise extreme caution in approaching the subject when examining witnesses and admonish witnesses beforehand to refrain from any mention of the fact of the defendant carrying insurance, as in many instances a violation of the rule will cause a reversal of judgment."

In the Letcher Case, the question of insurance was mentioned but once, and, of course, should not have been mentiond at all, while in the case at bar the matter was brought to the attention of the jury in the opening statement of counsel for plaintiff and also by the plaintiff in his evidence.

Having reached the conclusion that the case must be reversed on assignments 2 and 3, it is unnecessary to pass on the other errors raised by the defendant.

The judgment rendered by the trial court is reversed, and the cause remanded for a new trial.

BRANSON. C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK. and RILEY, JJ., concur.

Note.—See 4 C. J. p. 959, §2939: 36 C. J. pp. 1128, 1129, §128; 38 Cyc. p. 1498; 2 R. C. L. p. 416; 1 R. C. L. Supp. p. 529.