**WAGNON et al. v. BROWN.**

No. 23034.    Oct. 16, 1934.

Jones & Clift and Sandlin & Winans, for plaintiffs in error.

H. B. Lockett, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the district court.

Plaintiff, a minor, alleges that he was driving an automobile in a westerly direction along the paved highway between Lawton and Duncan; that while proceeding on the right of the center of said highway, he was struck by a projecting spare tire carried on defendants' truck, which was being driven in an easterly direction along said highway by defendants' employee; that as a result of this accident, his arm was broken and crushed, thereby causing him serious and permanent injury.

Defendants claim that their truck was on the south side of the center of the road at the time of the accident, with the three south wheels of the truck and attached trailer off the highway on the shoulder. Defendants contend that the spare tire was suspended from a joint of pipe projecting over the rear center of the trailer about three feet, but that the tire did not project beyond the width of the trailer.

Defendants' answer to the plaintiff's peti-

tion consists of a general denial and a plea of contributory negligence. The case was tried to a jury and resulted in a verdict in favor of the plaintiff in the sum of $5,250. This verdict as rendered involved a finding under conflicting evidence that the plaintiff received his injuries north of the center of the highway, without contributory negligence on his part, and that defendants were negligent in allowing the tire to extend over the center of the highway. Under the circumstances, the verdict of the jury cannot be set aside for want of evidence.

Assignment 5 charges error in the admission of incompetent testimony. Floyd Stultz defendants' witness, was cross-examined regarding a conversation which took place in Oklahoma City, some time after the accident, as follows:

'Q. You made a remark to him at that time there you talked to him and in that conversation and if you didn't first say to him, 'You will get something out of this, or you ought to? A. No, sir. Q. Didn't say anything in substance like that? A. No, sir. Q. I'll ask you if in the same conversation if you didn't tell him that this tire, that you had the tire tied on there and it was loose and must have flung out and hit them? A. No, sir."

Herbert Martin, as a witness for the plaintiff, testified as follows:

"Q. You remember the occasion of you and Buster Brown going to see him (referring to Floyd Stultz) in Oklahoma City? A. Yes, sir. Q. Have any conversation with him there? A. Yes, sir; quite a bit. Q. In that conversation I'll ask you if he said this or this in substance, talking about the case Buster had there against Wagnon Brothers, for damages, that he would get something or ought to. Mr. Sandlin: We object to that as irrelevant, incompetent and immaterial and no proper predicate being laid and attempt to impeach on an immaterial issue. Court: Overruled. Mr. Sandlin: Exceptions. A. He did."

The plaintiff, while on the stand, was permitted to testify substantially in verification of the foregoing testimony of Herbert Martin.

It is quite clear that the testimony above quoted is largely, if not entirely, incompetent. The opinion or speculation of the witness as to how the accident probably occurred would not have been competent testimony on direct examination, and the same ruling will apply to his cross-examination in the attempt to impeach his testimony. It is still more obvious that the witness should

not have been allowed to testify as to his opinion on the ultimate merits of the case. His cross-examination on this point and the subsequent testimony of Herbert Martin and the plaintiff are, therefore, incompetent. These matters are within the province of the jury after hearing the testimony and the instructions of the trial court.

Harris-Irby Cotton Co. v. Duncan, 57 Okla. 761, 157 P. 746. From this case we quote the following:

"The test as to whether a particular contradictory statement of a witness is admissible for the purpose of impeachment is, could the contradictory statement be introduced for any purpose in the trial independent of the contradiction? If it could be so introduced, then it is admissible for the purpose of impeaching the witness; otherwise, it would be upon a collateral issue and not admissible." Hearn v. Blakeney & Ambrister, 146 Okla. 122, 293 P. 225.

Assignment 6 is based on the following remark of plaintiff's attorney in his closing argument to the jury:

"I may in my weak way be unable to answer the argument of Mr. Sandlin, and with all these other counsel here for the insurance people."

Counsel for defendants objected to the reference to insurance, and the objection was sustained; the court also instructed the jury to disregard any evidence to which it had sustained objection.

Under the authority of Yoast v. Sims, 122 Okla. 200, 253 P. 504, we hold that the remark of counsel for the plaintiff, as above set forth, was prejudicial and is a ground for reversal.

In the case of City of Shawnee v. Sparks, 26 Okla. 665, 110 P. 884, the court held that unless demonstrated to be harmless, persistent reference to insurance interests is ground for reversal where the court fails to specifically exclude such from the record.

In Aderhold v. Bishop, 94 Okla. 203, 221 P. 752, the court merely modified an excessive verdict for the plaintiff, instead of reversing it, although plaintiff's counsel twice put incompetent questions regarding insurance, the court stating that the case for plaintiff was clear.

In Letcher v. Skiver, 99 Okla. 269, 226 P. 1029, the plaintiff unintentionally made a remark as to defendants' insurance. The court found that this reference to insurance was not designed or persisted in, and that

the verdict was not excessive; that the jury was evidently not prejudiced by the remark, and judgment for plaintiff was affirmed.

In Tankersley v. Webster, 116 Okla. 208, 243 P. 745, the verdict was sustained because there was no apparent prejudice to the rights of the defendant. However, the opinion indicates that if there were reasonable doubt as to the judgment in any particular case, the defendant should be given the benefit of the doubt and a new trial.

In Teeters v. Frost, 145 Okla. 273, 292 P. 356, there was a statement in the evidence that 'witnesses had been swooped down upon by claim agents, adjusters and other persons." The judgment in favor of the plaintiff was not disturbed, because it was held that this single reference was too remote and the verdict did not show passion or prejudice. It was stated, however, that such misconduct might be grounds for reversal in a close case.

In the case at bar the reference to insurance by the plaintiff's counsel was made in his closing argument, and seems to have been deliberately made with the intention of prejudicing the jury. Following the ruling in the case of Yoast v. Sims, supra, and for reasons which are fully set forth in that opinion, we hold that assignment of error No. 6 should be sustained.

See, also, F. W. Woolworth Co. v. Davis (C. C. A.) 41 F. (2d) 342. Here the federal court for the Tenth Circuit uses the following language:

"The Supreme Court, in no uncertain tones, has recently spoken of the imperative necessity of keeping trials of fact in the United States courts upon a high plane; of making of them in fact a search for the truth, and not an arena for the contest of shrewd lawyers playing upon the passions and prejudices of juries. After a verdict below on ample evidence, and an affirmance by the Court of Appeals, the Supreme Court reversed a personal injury case because the plaintiff's lawyer had referred in his argument to 'this eastern railroad,' 'a claim-agent defense,' and other irrelevant but prejudicial matters. The court, speaking, through Mr. Justice Stone [New York Cent. R. Co. v. Johnson, 279 U. S. 310, 49 S. Ct. 300], said:

" 'That the quoted remarks of respondents' counsel so plainly tended to excite prejudice as to be ground for reversal, is, we think, not open to argument. The judgments must be reversed, with instructions to grant a new trial. Respondents urge that the objections were not sufficiently specific to justify a reversal. But a trial in court is never, as respondents in their brief argue this one was, "purely a private controversy * * * of no importance to the public." The state, whose interest it is the duty of the court and counsel alike to uphold, is concerned that every litigation be fairly and impartially conducted and that verdicts of juries be rendered only on the issues made by the pleadings and the evidence. The public interest requires that the court of its own motion, as is its power and duty, protect suitors in their right to a verdict, uninfluenced by the appeals of counsel to passion or prejudice.' "

This cause is reversed and remanded for new trial.

The Supreme Court acknowledges the aid of Attorneys L. A. Rowland, S. N. Hawkes, and Archibald Bonds in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and appoved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Rowland and approved by Mr. Hawkes and Mr. Bonds, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.