## HANKINS et al. v. HALL.

No. 24413.   Feb. 18, 1936.

Frank E. Lee and Jas. C. Cheek, for plaintiffs in error.

A. F. Moss and H. R. Young, for defendant in error.

GIBSON, J.   This action was commenced by defendant in error, hereinafter referred to as plaintiff, in the superior court of Seminole county to recover for the alleged wrongful death of her husband. The death resulted from a collision between the deceased's automobile and a truck belonging to plaintiffs in error, who will be hereinafter referred to as defendants. Verdict and judgment were for plaintiff, and defendants have appealed.

Among the errors assigned is the trial court's refusal to declare a mistrial on defendants' motion when plaintiff brought before the jury the question of defendants' liability insurance. During redirect examination of plaintiff's witness, Lloyd Miller, the following proceedings took place leading up to the alleged error of the court:

"Q. Now, who was this Sherlock Holmes that came around to get a statement from you? By Mr. Lee: Objected to as incompetent, irrelevant and immaterial and prejudicial and done deliberately for the purpose of prejudicing the jury. By Mr. Breckenridge: Well, I will withdraw the question. Q. Who was the young gentlemen, or whoever it was, that came to see you? A. To get a statement from me? Q. Yes, sir? A. That man over there. Q. Did he tell you where he was from? A. I believe he did, he said he was from an insurance company some where. By Mr. Lee: That is objected to and we ask the jury be discharged for the reason this statement is made and brought out by counsel for the purpose of showing—(interrupted). By The Court: Overruled. By Mr. Lee: Exceptions. By Mr. Breckenridge: Now, Mr.—(interrupted). By Mr. Lee: Now we move the court to instruct the jury—(interrupted). By The Court: Gentlemen of the jury, you will absolutely disregard the statement from the witness as to who this gentleman might represent."

Plaintiff says this reference to insurance was incidental and unplanned, and is not such that will justify the discharge of the jury or necessitate the reversal of a cause.

Counsel then seek to justify the reference to insurance in the following language:

"In the present case the question of insurance was mentioned by a witness, and the record shows that such mention was inadvertent. The record does not bear the construction that it was deliberately and wrongfully done by counsel for plaintiff. The defendant attempted to impeach the witness Lloyd Miller by proof of a prior written statement. Plaintiff had a right to inquire who sought out the witness to make such statement, and the witness unexpectedly said, as the record discloses, that he thought that this man was from an insurance company."

Ordinarily, any reference to defendants' liability insurance by statement of counsel or by irrelevant testimony on behalf of plaintiff in an action for wrongful death or for personal injuries is improper, and highly prejudicial to the rights of the defendant, and failure of the trial court to declare a mistrial upon proper and timely motion where the question of insurance is improperly injected into the trial constitutes reversible error. Yoast v. Sims, 122 Okla. 200, 253 P. 504; Bass, Maxwell & Co. v. Independent Gin Co., 140 Okla. 80, 282 P. 635; Wagnon v. Brown, 169 Okla. 292, 36 P. (2d) 723; Brotherhood of Ry. Trainmen v. Brown, 170 Okla. 67, 38 P. (2d) 529; Beatrice Creamery Co. v. Dollie Goldman, 175 Okla. 300, 52 P. (2d) 1033. (See, also, 56 A. L. R. 1418, and 74 A. L. R. 849.) There are certain exceptions to the general rule above announced. 56 A. L. R. 1432; 74 A. L. R. 854. It has been held that where the insurance feature is injected into the case through inadvertence and without design on the part of counsel, and the jury is instructed to disregard the matter, and the record discloses no prejudicial effect, failure of the trial court to declare a mistrial is not reversible error. Letcher v. Skiver, 99 Okla. 269, 226 P. 1029. We have since held, however, in Beatrice Creamery Co. v. Dollie Goldman, supra, that the question of design on the part of counsel should be given little consideration in determining the prejudicial effect of improper references to insurance. In that case we said:

"In personal injury actions reference to liability insurance is either prejudicial or is proper and not prejudicial. That such references are innocently made cannot mitigate the damaging effect thereof. Ordinarily, in determining the question, this court will consider only the one element of relevancy. If the references to insurance are irrelevant, the stringency of the rule ordinarily requires a reversal of the cause where the question is properly saved upon appeal."

When the insurance feature is improperly brought to the attention of the jury, the prejudicial effect thereof is immediate. Whether innocently or designedly accomplished, if plaintiff or his counsel is responsible therefor, the rights of defendant have been prejudicially affected, and the court's instruction to the jury to disregard the same will not cure the damage already done. This must be so if we are to recognize the general rule.

After the attempted impeachment of the witness Miller, counsel were at liberty to explain by competent testimony any inconsistencies between the witness' written statement and his present testimony. That may well include the right to establish the identity of the party who procured the written statement and any representations made by such party as to the contents of the statement. But, conceding it to be a fact that this party came from an insurance company, it was wholly irrelevant to the issues in the case. Counsel take the position that the answer of the witness disclosing that the party was from an insurance company was unplanned and inadvertent; that his answer was unexpected. The identity of the one who solicited the statement was fully disclosed to the jury, then counsel asked the question: "Did he tell you where he was from?", to which the witness answered: "I believe he did, he said he was from an insurance company somewhere." Counsel may not have expected the answer as given, but the same was fairly responsive to the question. We cannot say that the answer was merely an inadvertent act of the witness. Counsel asked where the party was from; the answer was that he came from an insurance company. Thus the jury was advised that an insurance company was interested in the defense of the case. This is the identical matter held by the courts to be irrelevant to the issues in cases of this character, and prejudicial to the rights of the defendant.

For the reasons stated, this cause must be reversed and remanded for a new trial. It is unnecessary to consider the other errors urged by defendant.

The judgment of the trial court is reversed and the cause remanded, with directions to grant defendants a new trial.

RILEY, BAYLESS, BUSBY, WELCH, and PHELPS, JJ., concur. McNEILL, C. J., concurs in result. OSBORN, V. C. J., and CORN, J., dissent.