### BRATTEN v. WHITE.

No. 27766. Jan. 18, 1938.

Wilcox & Swank, for plaintiff in error.

Williams, Montgomery & Williams, for defendant in error.

PHELPS, J. This was an action to recover for injuries sustained in an automobile collision. Plaintiff recovered a judgment, and the defendant appeals.

One of the propositions advanced by defendant is that the court erred in refusing to declare a mistrial by reason of the testimony of a witness for plaintiff concerning insurance. The witness was being questioned by plaintiff's attorney on direct examination when the following questions and answers were made (Monte Bratten and the Athletic Association mentioned in the first question were codefendants):

"Q. Did you ever talk with Monte Bratten or anybody else connected with the Atheletic Association of the A. & M. College about the case after it happened? A. Mr. Davis was out there. Q. Who is he? A. An insurance man, said he was out there to get"—

The last answer quoted above was not finished, for at that time the jury was excused from the room and the defendants moved for a mistrial, which motion was overruled, and the defendants excepted thereto.

The present question, in one form or another, has been before this court a number of times. Ordinarily, as stated in Fixico v. Harmon, 180 Okla. 412, 70 P. (2d) 114, the question whether testimony effectively informs the jury that a judgment against the defendant would be protected by insur-

ance, or whether such testimony amounts to an unwarranted appeal to the prejudice of the jury, depends essentially upon the facts and circumstances peculiar to the case under consideration. In that case the statement of plaintiff's witness, to the effect that an instrument which had been put before her to sign, had been described as "some kind of insurance and won't hurt you," was held not sufficiently prejudicial to warrant a reversal. On the other hand, in Hankins v. Hall, 176 Okla. 79, 54 P. (2d) 609, the following questions and answers brought about a reversal of plaintiff's judgment:

"Q. Who was the young gentleman, or whoever it was, that came to see you? A. To get a statement from me? Q. Yes, sir. A. That man right over there. Q. Did he tell you where he was from? A. I believe he did, he said he was from an insurance company somewhere." .

In that decision it was held that the trial court's admonishing the jury to disregard the statement did not cure the damage already done. We said:

"Ordinarily, any reference to defendants' liability insurance by statement of counsel or by irrelevant testimony on behalf of plaintiff in an action for wrongful death or for personal injuries is improper, and highly prejudicial to the rights of the defendant, and failure of the trial court to declare a mistrial upon proper and timely motion where the question of insurance is improperly injected into the trial constitutes reversible error. Yoast v. Sims, 122 Okla. 200. 253 P. 504; Bass, Maxwell & Co. v. Independent Gin Co., 140 Okla. 80, 282 P. 635; Wagnon v. Brown. 169 Okla. 292. 36 P. (2d) 723; Brotherhood of Railroad Trainmen v. Brown. 170 Okla. 67, 38 P. (2d) 529; Beatrice Creamery Co. v. Goldman. 175 Okla. 300. 52 P. (2d) 1033 1035. * * * See. also. Jessup v. Davis. 115 Neb. 1. 211 N. W. 190. 56 A. L. R. 1403, 1418, and Stehouwer v. Lewis. 249 Mich. 76, 227 N. W. 759, 74 A. L. R. 844, 849. * * *

"When the insurance feature is improperly brought to the attention of the jury. the prejudicial effect thereof is immediate. Whether innocently or designedly accomplished. if plaintiff or his counsel is responsible therefor. the rights of defendant have been prejudicially affected. and the court's instruction to the jury to disregard the same will not cure the damage already done. This must be so if we are to recognize the general rule."

The following from Beatrice Creamery Co. v. Goldman, 175 Okla. 300, 302. 52 P. (2d) 1033. 1035. is pertinent:

"We believe the question of design on the part of counsel should be given little con-

sideration in determining the question of the prejudicial effect of his declarations. In personal injury actions reference to liability insurance is either prejudicial or is proper and not prejudicial. That such references are innocently made cannot mitigate the damaging effect thereof. Ordinarily, in determining the question, this court will consider only the one element of relevancy. If the references to insurance are irrelevant, the stringency of the rule ordinarily requires a reversal of the cause where the question is properly saved upon appeal."

After careful consideration, we are of the opinion that this case falls within that class of instances wherein the jury was probably influenced, or could easily have been influenced, by the insurance suggestion. Whether the reference to insurance, or to an insurance man, was made innocently or designedly is, as stated in the above decisions, of little importance; but at the same time it cannot be overlooked that this was plaintiff's witness, being examined by plaintiff's own attorney, and that the fact that Davis who had visited her was "an insurance man" was brought out by the direct question of plaintiff's attorney. One cannot reasonably doubt the probability that the jurors instantly inferred that the defendants were protected by insurance. What makes it even worse is that this particular defendant, according to the briefs, was in fact not insured. When such information comes from the lips of plaintiff's witness, and especially at the instance of plaintiff's counsel, the rule in this state is rather stringent. Nor is the damage lightened by the fact that the answer of the witness is not entirely responsive to the question. We are unable to observe any saving or mitigating circumstances in the case which should exempt it from the general rule.

Accordingly. the judgment is reversed and the cause is remanded for a new trial.

OSBORN, C. J., and RILEY, GIBSON, and DAVISON, JJ.. concur.