TAREWATER et al. v. McDONALD.

No. 30935. Oct. 26, 1943.

Rehearing Denied Dec. 21, 1943.

*144 P. 2d 111.*

H. P. Hosey and M. F. Hudson, both of Idabel, for plaintiffs in error.

Geo. T. Arnett, of Idabel, for defendant in error.

CORN, C. J. This action was commenced in the district court of McCurtain county by Clyde B. (C. B.) McDonald, administrator of the estate of C. T. McDonald, deceased, against Allie Tarewater et al., for possession of and to quiet the title to lands described in the petition, and for damages for unlawful detention of the land by the defendant. The defendant filed an unverified answer and an unverified cross-petition seeking to cancel a contract of compromise and a deed of conveyance executed pursuant thereto upon the ground that the same were obtained by fraud. The cause was tried to the jury and a verdict was rendered for the plaintiff and judgment was rendered for possession quieting the title and awarding damages in the sum of $500 and costs against the defendants. The parties will be referred to herein as they appeared in the trial court.

The defendant was not an heir at law of the deceased, C. T. McDonald, but was his housekeeper for some years prior to his death. On the 3rd day of January, 1940, the deceased executed a deed to the 229-acre farm involved in this action and a bill of sale to the livestock on the farm to the defendant, and placed these papers in the hands of a third party subject to further order as to delivery. Soon after this occurred the said C. T. McDonald was declared incompetent and a guardian was ap-

pointed to take charge of his property, and subsequently the deed and bill of sale were delivered to the defendant. Then an action was instituted by the guardian to cancel the deed and bill of sale. After the death of the deceased some months later this litigation was compromised and settled out of court by the contract and deed which the defendant is seeking to set aside in this action on the ground of fraud as set up in her cross-petition.

It is not necessary here to relate in detail further facts concerning the litigation settled by the contract and deed above mentioned. The only question involved in this appeal is whether or not the defendant established fraud in the procurement of the contract and deed.

In the case of Beatrice Creamery Co. v. Goldman, 175 Okla. 300, 52 P. 2d 1033, in paragraphs 4 and 5, the rule as to the sufficiency of proof to establish fraud is stated as follows:

"4. Fraud is never presumed. Where a written contract is attacked on that ground, the contract will be upheld unless the allegations of fraud are established by clear and convincing evidence, and the fraud must be predicated upon existing facts, and cannot consist of mere promises as to future action.

"5. Where a release for personal injuries has been executed and the party executing the release seeks to set aside the same because of fraudulent representations, it must be shown that such representations were (1) material, (2) false, (3) known by the party making them to be false or that such party made them recklessly, without any knowledge of their truth, and as a positive assertion, (4) that they were made with the intention that they should be acted upon by the party to whom they were made, (5) that such party acted in reliance upon them, and (6) that he thereby suffered injury."

The testimony offered by the defendant failed to show fraud, but on the contrary shows that defendant had counsel and that the terms of the settlement were well understood. And as to the damages allowed for the unlaw-ful detention of the land by the defendant, it appears that the amount thereof was determined by the actual amount of rent money received by her from the land during the time in question, and no more, excepting the costs of the action.

The judgment is affirmed.

GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.