Irene Rowan HOUSTON, Plaintiff in Error,

v.

Irene Edna PETTIGREW, Defendant in Error.

No. 38753.

Supreme Court of Oklahoma.

June 21, 1960.

Rucker, Tabor & Cox, Joseph M. Best, O. H. "Pat" O'Neal, Tulsa, Okl., for plaintiff in error.

Ladner, Livingston & Ladner, by John Ladner, Tulsa, Okl., for defendant in error.

BERRY, Justice.

Defendant in error, Irene Edna Pettigrew, hereafter referred to as "plaintiff", instituted this action against plaintiff in error, Irene Rowan Houston, hereafter referred to as "defendant", and Mary Alice Hausner to recover damages allegedly resulting from personal injuries sustained in a collision involving an automobile operated by defendant and one operated by Mrs. Hausner. Plaintiff was a passenger in the automobile operated by Mrs. Hausner.

Prior to trial of the case, plaintiff negotiated a settlement with Mrs. Hausner and subsequently dismissed her action as to Mrs. Hausner. The case as to defendant proceeded to trial to a jury which on conflicting evidence returned a verdict in favor of defendant. Plaintiff timely filed a motion for new trial. From Order granting a new trial, defendant perfected this appeal.

In her motion for new trial, plaintiff asserted a great many alleged errors. One of the alleged errors was that defendant's counsel improperly questioned the highway patrolman who investigated the accident in controversy and another alleged error was that the trial court erred in re-

fusing to give plaintiff's requested Instruction No. 7. At the hearing on the motion for new trial, and after the trial court made known that said motion would be sustained, defendant requested that the trial court state the reasons for granting a new trial. Pursuant to said request, the court stated that a new trial was granted because of error resulting from counsel for defendant improperly examining the patrolman and for the further reason that some of the matter incorporated in plaintiff's requested Instruction No. 7 was not included in the instructions given. In view of the fact that we are of the opinion that a new trial was properly granted because of the error first referred to by the trial court, we will not consider other alleged errors urged by plaintiff.

The patrolman appeared as a witness for defendant. After counsel for defendant made inquiry relative to his name and length of service in the Department of Public Safety, this transpired:

"Q. All right, sir. Now, Mr. Day, on February 18, 1956, do you recall whether or not you were on duty at that time? A. February 18 I should have been.

"Q. I did not say what time, did I? A. No.

"Q. Well, in the evening of that day? A. Yes, sir, I should have some reference on that date.

"Q. Let me hand you this, is that your signature? A. Yes, sir.

"Q. Is that a photostatic copy of the report that you filled out shortly following this accident and sent into Oklahoma City? A. Yes, sir.

"Q. In other words, you fellows have to make official reports?"

Counsel for plaintiff interposed an objection to the last above quoted question on the grounds that the report was not admissible in evidence and that the question propounded was highly prejudicial and moved for a mistrial. Counsel for defendant stated that the report was handed the highway patrolman in order to refresh his memory, and on said statement being made, plaintiff's objection was denied.

The patrolman was then asked if he investigated the accident. Upon answering in the affirmative he was asked who the driver of one of the vehicles was and the patrolman replied that he would "have to refer to my notes". Upon being asked the name of the driver of the other vehicle he gave the same reply. He was then asked if there was a stop sign at the intersection where the accident occurred and whether he talked with plaintiff and defendant and other witnesses relative to "what happened" at point of the collision. The patrolman answered these questions in the affirmative. He was asked if any witness mentioned that any vehicle did not have its lights on; that if he had obtained such information would he have made a note of it; that "you have a special place to make note of it, as well as in your comments, don't you?" The patrolman answered "Yes, sir." to the last referred-to question. He was then asked "Did you? Will you check the report?" Counsel objected to said question on the grounds that the answer would constitute hearsay evidence, which objection was sustained. The following questions were then propounded:

"Q. (By Mr. Best) You investigated this thoroughly? A. Yes, sir.

"Q. From your investigation, from your talking with all these people, witnesses, everyone else, could you find where Mrs. Houston had done anything wrong?"

Counsel for plaintiff objected to the question last above quoted on the grounds that the question was highly prejudicial and could only be intended to inflame the minds of the jury. After sustaining the objection the court admonished the jury as follows:

"The Court: Well, the answer to the last question and the question asked by counsel for the defendant, you will not regard that, the Court has held that that was not a proper question at this time."

Counsel did not question the patrolman further on direct examination. The only relevant and competent evidence developed by the direct examination of the patrolman, concerned undisputed facts established by testimony of other witnesses.

It is apparent that during the material portion of referred-to examination of the patrolman, the patrolman had in his possession a photostat copy of the report that he had made and filed with the Department of Public Safety relative to his investigation of the accident; that in using the word "notes", the patrolman was referring to said report; that the jury no doubt realized that the patrolman had the report in his possession; that plaintiff objected to same being introduced in evidence; and that if it were necessary for the patrolman to examine the report in order to give the evidence that he gave, it would also be necessary for him to examine the report in order to answer the question last above quoted.

▉ We have held that the report of a highway patrolman is not admissible in evidence. See Hadley et al. v. Ross, 195 Okl. 89, 154 P.2d 939, Bison Transports, Inc. v. Fraley, 205 Okl. 520, 238 P.2d 835, and Maben v. Lee, Okl., 260 P.2d 1064. The referred-to holdings are based upon the proposition that hearsay evidence is incorporated in said reports. It is obvious that the last-quoted question contemplated an answer based on hearsay testimony and in fact contemplated a conclusion on the patrolman's part based upon statements that had been made that did not come within an exception to the hearsay rule. Moreover, counsel no doubt contemplated that the question would be answered only after the patrolman had referred to his notes.

The posing of a question that contemplates an answer that is neither competent, relevant nor material does not ordinarily constitute reversible error. However, where such a question is posed for the purpose of arousing the sympathy or passion of the jury or planting prejudice in their minds, reversible error may result. See 3 Am.Jur. "Appeal and Error", Sec. 1029, p. 583. And the fact that the jury is admonished not to consider the question asked nor the answer given does not in all instances serve to cure the error. Yoast v. Sims, 122 Okl. 200, 253 P. 504, and Biniakiewicz v. Wojtasik, 339 Ill.App. 574, 90 N.E.2d 568, 569. In the last-cited case this is said:

"In automobile accident case, question which conveyed to jury an impression that police officer's investigation, probably adverse to plaintiffs and recorded in report, was something plaintiffs tried to keep from jury was prejudicial notwithstanding sustaining of objections to question."

It is not necessary for us to determine as a fact that the complained-of examination of the patrolman served to prejudice the jury to the extent that plaintiff was denied a fair trial. To the contrary, the question posed is whether the trial court in concluding that said examination was prejudicial and deprived plaintiff of a fair trial acted capriciously and arbitrarily, and in so acting erred upon some pure, simple and unmixed question of law. In Ernest Wiemann Iron Works v. Hoerner Boxes, Inc., Okl., 332 P.2d 10, 12, this is said in the body of the opinion:

"(1) It is not necessary for us to determine if the error contained in the first instruction was such as to *require* the granting of a new trial. When the trial court has granted a new trial we will not reverse such ruling unless it is shown that the court has acted arbitrarily or abused its discretion, or has manifestly erred in some pure, simple and unmixed question of law. Rein v. Patton, 208 Okl. 442, 257 P.2d 280; Dowell, Inc. v. Layton, Okl., 261 P.2d 885."

We said this in Dismuke et al. v. Miller, Okl., 344 P.2d 1049, 1052:

"(1) The only other question is whether the instruction was prej-

udicial. The trial court concluded that it was prejudicial, and before we can reverse the ruling, we must say that the trial court acted arbitrarily or abused its discretion in this regard."

We have recognized that "a trial court is in a much better position to appraise the fairness of proceeding before it than can be gathered by a review of the record by the appellate court"; that "The position of the trial court as a fair and impartial arbiter and referee of the issues presented by the contending parties is unique and for that reason he is given wide discretion" in considering motions for new trial. See Stillwell et al. v. Johnson, Okl., 272 P.2d 365, 367.

In the second paragraph of the syllabus to Rein v. Patton, 208 Okl. 442, 257 P.2d 280, 281, this is said:

> "2. The judge who presides at the trial of a case, hears the testimony of the witnesses, observes their demeanor, and has a full knowledge of the proceedings had and done during the process of the trial, is in a better position to know whether or not substantial justice has been done than any other person. Where such judge sustains a motion for a new trial, it will require a clear showing of manifest error and an abuse of discretion before the appellate court will be justified in reversing such ruling of the trial court."

We have recognized that a party forced to object to an improper question, may by his objection create an inference that the answer to the proffered question would establish a fact adverse to his interest. In Yoast v. Sims, supra [122 Okl. 200, 253 P. 505], we said that "In order to protect the defendant, its counsel was forced to object to the question, yet by doing so he in effect admitted the fact; otherwise, no objection would have been made." See also Biniakiewicz et al. v. Wojtasik, supra.

We are of the opinion that in concluding that counsel for defendant conducted his examination of the patrolman in such a manner as to prejudice the jury and thereby prevent plaintiff from having a fair trial, the trial court did not act in an arbitrary and capricious manner nor did said court, in sustaining plaintiff's motion for new trial, err upon some pure, simple and unmixed question of law.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, JACKSON and IRWIN, JJ., concur.