**A. J. NASH, Plaintiff in Error,**

v.

**William H. HILLER and Earl Butler, Defendants in Error.**

No. 39518.

Supreme Court of Oklahoma.

March 19, 1963.

Jack B. Sellers, Sapulpa, for plaintiff in error.

Rucker, Tabor, Best, Sharp & Shepherd, Tulsa, for defendants in error.

IRWIN, Justice.

A. J. Nash, plaintiff in error, brought an action against the defendants in error for damages resulting from an automobile accident. The jury returned a verdict in favor of defendants and judgment was rendered accordingly. A. J. Nash, hereinafter referred to as plaintiff, perfected an appeal from the order overruling his motion for a new trial. Defendants in error will be referred to as defendants or by name.

The material factual allegations contained in plaintiff's petition are; that he was driving his automobile in a southerly direction on a certain highway when he observed defendant Hiller standing on the highway by his automobile; that he decreased his speed and honked his horn but Hiller failed and neglected to remove himself from the highway; that part of Hiller's car was parked on and partially blocked the highway; that at the same time and place traffic was coming from the opposite direction; that when he had decreased his speed to approximately 20 miles per hour to let the oncoming traffic pass, defendant Butler, who was traveling in the same direction as plaintiff, crashed into his car from the rear.

The evidence discloses that part of the Hiller car was on the highway and parked about 1300 feet south of the crest of a hill and that plaintiff had passed the pick-up truck being operated by defendant Butler prior to the accident. However, a material fact in dispute was whether plaintiff passed defendant Butler some distance before he had reached the crest of the hill or after the crest of the hill had been passed by both plaintiff and defendant Butler. The evidence favorable to plaintiff tended to show that neither car had reached the crest of the hill when plaintiff passed Butler and the evidence favorable to defendants tended to show that plaintiff passed Butler between the crest of the

hill and defendant Hiller's parked car. In this connection, Butler testified that plaintiff passed him about 300 feet before reaching the Hiller car and plaintiff testified he passed Butler before either car had reached the crest of the hill.

A highway patrolman who investigated the accident, was permitted to testify over the objection of plaintiff, that plaintiff passed Butler between the crest of the hill and Hiller's parked car. This testimony substantiated Butler's testimony as to the place where plaintiff passed Butler but such information of the highway patrolman was based upon hearsay evidence.

Plaintiff contends that defendants asked questions which contemplated answers which were neither competent, relevant nor material and were posed for the purpose of arousing the sympathy or passion of the jury or planting prejudice in their minds and such questions constitute reversible error.

The complained of proceedings were as follows: During the cross examination of the highway patrol trooper who investigated the accident, the following question was asked by one of defendants' attorneys.

"Q. Mr. Trooper, I'd like to ask you, sir, if from all of your investigation, from the facts that you found and from what you found out from talking with the folks, if you found where Earl Butler did anything wrong out there that day?

"Mr. Sellers: Now, just a minute, I'll object to this.

"The Court: The objection is sustained.

"Mr. Sellers: And I'd ask the court to admonish counsel against continuing such tactics, Mr. Best knowing how to properly examine the witness.

"Mr. Best: The witness is impartial, as I understand it, and I think the jury is entitled to the benefits of his fairness.
"The Court: The objection is sustained."

▮ A similar question, almost verbatim, was asked during the trial of the case of Houston v. Pettigrew, Okl., 353 P.2d 489, wherein the trial court granted a new trial. In that case the trial court stated that one of the reasons for granting the new trial was "because of error resulting from counsel for defendant improperly examining the patrolman." In the Houston v. Pettigrew case we said:

"The posing of a question that contemplates an answer that is neither competent, relevant nor material does not ordinarily constitute reversible error. However, where such a question is posed for the purpose of arousing the sympathy or passion of the jury or planting prejudice in their minds, reversible error may result. See 3 Am. Jur. 'Appeal and Error', Sec. 1029, p. 583. And the fact that the jury is admonished not to consider the question asked nor the answer given does not in all instances serve to cure the error. * * *"

However, in affirming the trial court's order granting a new trial, we said:

"It is not necessary for us to determine as a fact that the complained-of examination of the patrolman served to prejudice the jury to the extent that plaintiff was denied a fair trial. To the contrary, the question posed is whether the trial court in concluding that said examination was prejudicial and deprived plaintiff of a fair trial acted capriciously and arbitrarily, and in so acting erred upon some pure, simple and unmixed question of law. * * *"

In addition to the above question and statement of counsel that "the witness is impartial * * * and I think the jury is entitled to the benefits of his fairness", the patrolman was also asked the following question:

"I'll ask you, sir, if as a matter of fact you didn't check Mr. Nash for passing without sufficient clearance?"

The trial court sustained an objection to the above question.

Although the patrolman was not permitted to answer the improper questions, it was necessary for plaintiff to make objections. In Houston v. Pettigrew, supra, we said:

"We have recognized that a party forced to object to an improper question, may by his objection create an inference that the answer to the proffered question would establish a fact adverse to his interest. In Yoast v. Sims, supra [122 Okl. 200, 253 P. [504] 505], we said that 'In order to protect the defendant, its counsel was forced to object to the question, yet by doing so he in effect admitted the fact; otherwise, no objection would have been made.' · See also Biniakiewicz et al. v. Wojtasik, supra [339 Ill.App. 574, 90 N.E.2d 568]."

In analyzing the above questions and the statement made by one of the defendant's attorneys, we find that they had the effect of advising the jury that "the patrolman is an impartial witness and if he were permitted to testify he would state that Butler did not do anything wrong but that plaintiff Nash did because he was checked for passing without sufficient clearance." Without question, whether Butler did anything wrong or whether Nash passed without sufficient clearance were primary issues for the jury to determine.

In determining whether the cross examination of the patrolman was prejudicial and deprived plaintiff of a fair trial and whether the trial court acted capriciously and arbitrarily in denying plaintiff's motion for a new trial, we should also consider in connection therewith other testimony given by the patrolman over the objection of the plaintiff which was inadmissible for the reason it was based upon hearsay evidence. See Houston v. Pettigrew, supra. This testimony was to the effect that Nash passed Butler in a no passing zone between the crest of the hill and Hiller's parked car.

This testimony substantiated the testimony of Butler but was in conflict with the testimony of plaintiff as he testified he passed Butler before either of them reached the crest of the hill.

In the instant action, only three witnesses testified as to the events leading to the accident; the highway patrolman, defendant Butler and plaintiff Nash. The highway patrolman's testimony, which was inadmissible, because it was based on hearsay, substantiated the testimony of Butler. Therefore, there was testimony of two witnesses that plaintiff passed Butler between the crest of the hill and Hiller's parked car and only the testimony of plaintiff that he passed Butler before either of them had reached the crest of the hill. Although the testimony of the highway patrolman was in some degree cumulative, this does not necessarily relieve such testimony, which was on a material issue in the case, from having a prejudicial effect. See Maben v. Lee, Okl., 260 P.2d 1064.

■ It is well established that a trial court is vested with broad discretion in granting or denying a new trial, and its action will not be disturbed on appeal unless it clearly appears that the trial court erred in some pure, simple question of law, or that it acted arbitrarily or capriciously. See Foltz v. Nicholson, Okl., 327 P.2d 692; and Caudill v. Caudill, Okl., 327 P.2d 696.

■ Considering the improper questions directed to the highway patrolman on cross examination; the statement made by the attorney for one of the defendants that the jury should be entitled to the benefits of an impartial witness when such testimony was inadmissible; and the inadmissible testimony of the highway patrolman as to where plaintiff passed Butler before the accident, it clearly appears to us that the same was prejudicial to the plaintiff and deprived him of a fair trial and the trial court acted capriciously and arbitrarily in denying plaintiff a new trial.

Inasmuch as the defendants in error have not shown or attempted to show in their brief why a new trial should not be granted against both defendants if a new trial is granted against one, we hold that a new trial should be granted plaintiff against both defendants.

The order of the trial court overruling plaintiff's motion for a new trial is reversed and the cause is remanded with directions to vacate and set aside the judgment and/or order overruling plaintiff's motion for a new trial and to grant plaintiff a new trial against both defendants.

Reversed and remanded with directions.

BLACKBIRD, C. J., HALLEY, V. C. J., and JACKSON and BERRY, JJ., concur.

WILLIAMS, J., concurs in results.

WELCH, DAVISON and JOHNSON, JJ., dissent.