**A. J. NASH, Plaintiff in Error,**

**v.**

**William H. HILLER and Earl Butler,
Defendants in Error.**

**No. 40661.**

Supreme Court of Oklahoma.

Feb. 2, 1965.

Jack B. Sellers, Sapulpa, for plaintiff in error. Joe A. Moore, Sapulpa, of counsel on the brief.

Joseph M. Best, Joseph A. Sharp, Tulsa, for defendant in error Earl Butler.

WILLIAMS, Justice.

The question to be determined in this appeal is whether certain testimony of a highway patrolman who investigated the collision here involved was admissible in evidence.

This is the second appeal of this case. Our opinion in the first appeal appears in 380 P.2d 77. In our present opinion we will not detail the facts for the reason they are stated fully in our first opinion.

Plaintiff in error initiated this action against defendants in error to recover damages for personal injuries he sustained in a collision of motor vehicles. Our continued reference to the parties is as they appeared in the trial court.

At the conclusion of the trial below the jury returned a verdict in defendants' favor.

For reversal plaintiff advances the proposition that "Improper and prejudicial evidence was intentionally injected into the record by defense counsel, and erroneously allowed by the trial court."

Plaintiff maintains that "Of critical importance to the parties to the case is the question of whether the plaintiff had passed the [defendant] Butler truck some distance back from the scene of the accident or had passed after both vehicles had come out of the no passing zone from the crest

of the hill immediately before the scene of the accident. Plaintiff's position on this issue was that he had passed the Butler truck before reaching the crest of the hill, and defendant's position was that plaintiff had passed the Butler truck south of the crest of the hill, and immediately prior to the collision."

In his closing argument to the jury counsel for defendant Butler stated that "The highway patrolman testified there was no conflict as to where Nash passed Mr. Butler, that it happened and he passed coming down the hill, which I submit is the issue in this case, because he passed him coming down the hill—passed a truck loaded with feed in the face of the oncoming traffic. And he admitted the truck was coming down the hill. If he did that he was not using good judgment because he immediately started applying his brakes when he got back in the lane and there wasn't a thing Earl Butler could do to avoid this accident."

The highway patrolman testified as follows:

"Q: (Mr. Best) Did you determine from a discussion of the facts with Mr. Nash and Mr. Butler where Mr. Nash had passed Mr. Butler?

"MR. SELLERS: Object to that—the question is improper for the reason the witness testified he doesn't remember any specific conversation. He wasn't there—and anything Mr. Butler might say would be self-serving—.

"THE COURT: Let the court run this—not speeches.

"MR. SELLERS: I am objecting to this—this witness not having been there is not competent to testify to anything about passing. Anything he would relate would be hearsay and/or self-serving declarations by Mr. Butler.

"THE COURT: Overruled. This was based on statements made by the parties. Do you understand the question?

"THE WITNESS: Where the car passed the truck.

"THE COURT: Yes, Did you make a determination of that from the statements you received and the evidence which you saw?

"A: Yes.

"MR. SELLERS: Which party, Your Honor—

"THE COURT: No, I have passed on it.

"MR. SELLERS: May I have the Court though, before this is inserted into the record—and I am afraid erroneous—have the witness answer from which of the parties he determined this?

"THE COURT: He may answer.

"A: I determined he passed as they came out of the no-passing zone at the crest of the hill—I mean north of the hill.

"Q: (Mr. Best) There is only one hill immediately north of that?

"A: Yes.

"Q: All right, in using defendant's Exhibit '3', could you point out to the jury or does that show where this area is where the car passed the truck?

"A: It would be back on top of this hill.

"Q: It does show in the picture?

"A: Yes, at the crest of the hill on the far side of the picture—which would be looking to the north."

\*       \*       \*       \*       \*       \*

"Q: And as far as that's concerned you have no way of knowing, no physical evidence, no way of determining where the plaintiff's automobile passed the truck of Earl Butler, do you?

"A: No, sir.

"Q: As a matter of fact the 'determination' you say you made where the automobile of the plaintiff passed the truck of Mr. Butler was made by Mr. Butler?

"A: I don't remember. I was talking to the parties involved. I am not sure who made what statements.

"Q: There wasn't any question but what these automobiles had been moved before you arrived at the scene?

"A: Yes.

"Q: Is it possible to make a proper investigation of an accident when the vehicles have been moved from the place of the accident?

"A: It is very difficult, sir."

In Nash v. Hiller, supra, at pages 79 and 80 of 380 P.2d, we said:

"In determining whether the cross examination of the patrolman was prejudicial and deprived plaintiff of a fair trial and whether the trial court acted capriciously and arbitrarily in denying plaintiff's motion for a new trial, we should also consider in connection therewith other testimony given by the patrolman over the objection of the plaintiff which was inadmissible for the reason it was based upon hearsay evidence. See Houston v. Pettigrew, supra [Okl., 353 P.2d 489]. This testimony was to the effect that Nash passed Butler in a no passing zone between the crest of the hill and Hiller's parked car. This testimony substantiated the testimony of Butler but was in conflict with the testimony of plaintiff as he testified he passed Butler before either of them reached the crest of the hill.

"In the instant action, only three witnesses testified as to the events leading to the accident; the highway patrolman, defendant Butler and plaintiff Nash. The highway patrolman's testimony, which was inadmissible, because it was based on hearsay, substantiated the testimony of Butler. Therefore, there was testimony of two witnesses that plaintiff passed Butler between the crest of the hill and Hiller's parked car and only the testimony of plaintiff that he passed Butler

before either of them had reached the crest of the hill. Although the testimony of the highway patrolman was in some degree cumulative, this does not necessarily relieve such testimony, which was on a material issue in the case, from having a prejudicial effect. See Maben v. Lee, Okl., 260 P.2d 1064."

In the case of Jackson v. Brown, Okl., 361 P.2d 270, 271, we stated:

"An investigating officer shown to be qualified in investigation of traffic accidents may properly give expert testimony as to the point of impact or speed of a motor vehicle when his opinion is derived solely from an examination of physical evidence found at the scene of a collision. Tuck v. Buller, Okl., 311 P.2d 212, 66 A.L.R.2d 1043. This expert testimony should be elicited in the form of an opinion rather than in terms of categorical facts. The witness may give only physical facts disclosed in course of his investigation * * *"

As noted hereinabove counsel for defendant Butler in argument advised the jury that the issue in the case was at what point plaintiff passed defendant Butler's truck.

It is thus clear that the opinion evidence elicited from the highway patrolman by counsel for defendant Butler purports and contemplates to decide an issue the jury is sworn to determine. Washita Valley Grain Co. v. McElroy, Okl., 262 P.2d 133. Thus such testimony and argument based thereon impinge on the prerogative of the jury.

In Jackson v. Brown, supra, concerning analogous testimony of an investigating officer, we stated:

"* * * Such testimony given by a witness occupying an official position assuredly must have greatly impressed the jury, particularly since the average layman undoubtedly would be inclined to place the stamp of authenticity upon testimony by such an officer. Swink v. Colcord, 10 Cir., 239 F.2d 518; Maben v. Lee, supra [Okl., 260 P.2d 1064]".

At a point in the trial of the case below preceding that portion thereof which has been quoted hereinabove, as is to be inferred from a quoted objection made by plaintiff's counsel, the highway patrolman had stated in effect that he could not remember from which of the witnesses to the collision he had gotten which facts and impressions. There were no physical facts given in the record upon which he could, did or purported to base his opinion as to the point at which plaintiff passed defendant Butler.

We determine that the eliciting of the opinion testimony of the highway patrolman, based entirely on hearsay and in no degree upon physical facts, concerning the issue of the point at which plaintiff's automobile had passed defendant Butler's truck extended beyond the limits of permissible inquiry.

Judgment reversed and cause remanded for new trial.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, JOHNSON, BLACKBIRD and IRWIN, JJ., concur.