Homer S. HODO, Plaintiff in Error,

v.

Dan COX, Defendant in Error.

No. 41635.

Supreme Court of Oklahoma.

Oct. 3, 1967.

Best, Sharp, Thomas & Glass, Joseph A. Sharp and Joseph F. Glass, Tulsa, for plaintiff in error.

Charles E. Daniel, Drumright, Sam Withiam, Cushing, Tom Wakley, Oklahoma City, for defendant in error.

HODGES, Judge.

This is an appeal by defendant Homer S. Hodo from a judgment upon a jury verdict in favor of plaintiff Dan Cox for damages for personal injuries suffered while operating a pickup truck which was struck by a truck driven by defendant.

Defendant assigns three alleged errors of the trial court upon which he seeks reversal. They are (1) admission of expert medical testimony regarding X-ray findings when the X-ray photographs were not produced for his inspection or introduced in evidence; (2) admission of the investigating officer's opinion that blinker lights of the truck driven by defendant were not in operation at the time of the collision; and (3) admission of the investigating officer's opinion of the speed of the plaintiff's vehicle at the time of the collision.

We will first consider the second assignment, that it was error to admit the opinion of the officer that the blinker lights on defendant's truck were not on immediately prior to the collision.

Plaintiff's petition charged defendant with negligence by failing to give a proper signal for a turn. Defendant answered, and offered evidence, that his blinker lights, indicating a turn, were on; and he charged plaintiff was guilty of contributory negligence in failing to take notice of them. Defendant and one witness said they were on

prior to, and at the time of, the collision. Plaintiff said they were not. It appears from all the evidence that, if working, the blinker lights would have been sufficient to give notice of defendant's turn which resulted in his collision with plaintiff.

The officer was asked this question by plaintiff's counsel:

"From your investigation and from your statement, based upon your expert opinion and your training in these matters, do you have an opinion as to whether Mr. Hodo had those blinker lights on immediately prior to the time of the accident?"

Defendant objected as follows:

"Your Honor, we object to this type question unless there is some expert way he knows."

Plaintiff's counsel responded by observing, "Maybe he does." Defense counsel replied, "All right. Let him tell what it is." Thereupon the court asked plaintiff's counsel;

"Did you arrive at a determination by reason of your investigation, is that what you're asking?"

When plaintiff's counsel acknowledged the restatement of the question by the court to be the question he was asking, the court permitted an answer. Defense counsel then stated into the record, "Show our objection."

Plaintiff argues that the above proceedings do not constitute an objection by defendant to the admission of the officer's opinion concerning the blinker lights.

In Ponca City Building & Loan Co. v. Graff, 189 Okl. 410, 117 P.2d 514, 518, we said:

"The purpose of an objection in a trial is to call the court's attention to errors being committed so that the court, as well as the opposing party, will be advised and have an opportunity to correct them. Such objections are not for the purpose of laying a predicate for a reversal of the judgment on appeal, if the same should be unfavorable."

■ It must follow from that statement of purpose that if an objection is sufficient to advise the court and opposing counsel of the alleged error being committed, it is a proper objection upon which to preserve the question thus raised for appeal.

■ We find the form of defendant's objection, arising as it did in the proceedings above set forth, sufficiently advised the court of the purpose for defendant's objection.

The real basis for the witness' opinion that the blinker lights were not in operation immediately prior to the collision came to light on his cross-examination. He said in substance that he was of the opinion that they were not on immediately prior to the collision because it was not reasonable for one to attempt to pass a truck if the signal lights were on indicating a turn into his lane of travel, and since plaintiff was trying to pass the defendant's truck when they collided, the lights must not have been on.

■ The implications and presumptions necessary to justify that conclusion are multitudinous, so we will pause to mention but a few. The officer must have presumed that plaintiff was both alert and looking in the direction of the blinker lights. Even with those presumptions his ultimate opinion that the lights were not on was based upon his further opinion of "reasonable human behavior" under the circumstances of the collision here involved. The officer was not qualified as an expert in that field, and there is no indication that he was possessed of any special knowledge or had had any experience or training in regard to "reasonable human behavior" under those circumstances which the jury was not likely to have had. No explanation of any application of the witness' expertise was given which would indicate his competence as an expert to render the opinion requested. We are aware of none which could have been given. This opinion is based upon a conclusion similar to the one we rejected in National Zinc Co. v. Crow, 187 Okl. 513, 103 P.2d 560, 562. In that case witnesses were permitted to give their opinions that some of plaintiff's colts were affected with a sometimes fatal malady by smoke from defendant's smelter. The basis for those opinions was shown to be that the witnesses could not think of any other cause for the symptoms exhibited by those colts, and, therefore, they must have been caused by the smoke. We there held in the body of the opinion and in Syllabus 2 that the rule regarding opinion evidence is as follows:

"For the opinion of a witness to be admissible, it is not necessary that the witness be a technical expert. It is necessary, however, that he have some peculiar experience, observation or training in the matter on which he gave the opinion, which is not shared by the average jury."

■ The admission of the officer's opinion in that regard was an invasion of the province of the jury for the reason that the knowledge, understanding and ability to determine the question was as inherent in a jury of ordinary men with ordinary education, of ordinary experience, as it was in the officer.

Plaintiff argues that if the admission of the opinion was error, it is not reversible error because it was merely cumulative; that no failure of substantial justice resulted by its admission; and that the jury was afforded a clear insight of the basis upon which it was given, so that it probably gave the opinion no more weight than it warranted. We cannot agree that the error is harmless or that it did not prejudice defendant. Plaintiff relies on Auten v. Livingston, 201 Okl. 467, 207 P.2d 256. We distinguished Auten, supra, in Maben v. Lee, Okl., 260 P.2d 1064, 1067 and that distinction is applicable to the facts of this case. The question of whether the blinker lights were on was such a material, probably vital, fact in this case that it may well have been the determinative fact upon which the issues of negligence of the defendant and of contributory negligence of the plaintiff were decided. It cannot accurately be said that that question was not a vital point or a material fact in this case.

An opinion by a member of the Oklahoma Highway Patrol would greatly impress a jury. Maben v. Lee, supra; Nash v. Hiller, Okl., 398 P.2d 817. Such an opinion would be just as impressive from plaintiff's expert, who, after twenty-one years of service, had only recently retired from the patrol subsequent to his duties in connection with the investigation of this collision.

In Maben v. Lee, supra, we cited with approval 3 Am.Jur., Appeal and Error, § 1029, as to the prejudicial effect of erroneously admitted evidence, in part as follows:

"* * * Where there is such a conflict in the evidence that a determination either way would not be disturbed on appeal, it cannot be said that the losing party is not prejudiced by material evidence erroneously admitted, and this has been held true even though the evidence was cumulative.

"The fact that the evidence relates to a vital or principal point in the case or to a material fact has been regarded as important upon the subject of prejudice."

Plaintiff attempts to distinguish our decision in Nash v. Hiller, supra, from the present case. In Nash, supra, we held that the admission of a highway patrolman's opinion of the point on the highway, preceding the collision of the vehicles involved, where plaintiff passed defendant's truck, was error because the opinion was based on hearsay evidence and not on any of the physical facts properly in evidence. The basis for the attempted distinction is that in Nash, supra, we reversed and remanded the case for a new trial because the opinion was based solely upon hearsay evidence and to no degree upon any physical facts properly in evidence. In this case, plaintiff contends, although hearsay evidence regarding the blinker lights was received by the officer who gave the opinion, he did not base his opinion solely on hearsay evidence. Assuming that the officer did not consider the hearsay evidence at all, the principle is the same. In Nash, supra, the basis of the opinion was hearsay evidence. In this case the basis of the opinion was, ultimately, the witness' opinion of the reasonable conduct of the driver under the circumstances. Neither opinion was based upon evidence properly in the case, save only the fact of the collision. The opinion in each case related to a material and vital fact concerning ultimate fault.

Clark v. Ellison, 180 Okl. 630, 71 P.2d 609, cited by plaintiff, is also distinguishable. There the erroneous opinion was held to be harmless when the fact involved was established by other evidence *without contradiction* by the opposing party, because the identical result would have been necessary had the opinion been omitted. Here the fact sought to be established by the opinion was contradicted, and if the jury had rendered its verdict for defendant the question of plaintiff's contributory negligence in allegedly failing to heed the blinker lights would have prevented our upsetting a judgment thereon.

In Nash, supra, we held that where it appears that the rights of a party have been prejudiced by the erroneous admission of the traffic officer's opinion on a matter of critical importance to a question relating to ultimate fault, which opinion was not based on the physical facts properly in evidence, reversal for a new trial is warranted, even where the evidence was cumulative. We believe this principle to be applicable to the present case.

The "expert" opinion of the investigating officer that the blinker lights were not on was an unjustifiable invasion of the province of the jury. We find that the admission of that opinion was prejudicial to the defendant as to a material question in this case, and, as such, is reversible error.

Because of our holding on this assignment of error, we do not deem it necessary to consider the alleged errors of admitting expert medical testimony regarding X-ray findings without production or introduction of the X-ray photographs, or of admitting

the officer's opinion of the speed of plaintiff's pick-up.

The judgment of the trial court is, therefore, reversed, and the case is remanded for a new trial.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BERRY, LAVENDER and McINERNEY, JJ., concur.