Willie Lee **GORDON**, Appellant,

v.

Frederick D. **JOHNS**, Appellee.

No. 44027.

Supreme Court of Oklahoma.

Dec. 19, 1972.

Rehearing Denied Mar. 5, 1973.

Schwoerke & Schwoerke, by C. W. Schwoerke, Oklahoma City, for appellant.

Rogers, Travis & Jordan, by Kurt F. Ockershauser and Rex K. Travis, Oklahoma City, for appellee.

IRWIN, Justice:

Appellant, Willie Lee Gordon, commenced proceedings to recover damages sustained by him as a result of a two car accident. The jury returned a verdict for appellee (defendant) and judgment was rendered accordingly. Appellant (plaintiff) appeals.

The only issue presented is whether reversible error occurred by defendant's cross examination of plaintiff's witness. This witness was one of the police officers who investigated the accident and defendant sought to elicit from him the point of impact. Before discussing this issue we will summarize the facts.

The accident occurred at the intersection of North Kelly (Kelly) and Northeast 26th street (26th street) in Oklahoma City. Both streets are two-lane; Kelly runs north and south; and 26th street runs east and west. It was about 10:30 in the evening and a light snow was falling and the pavement was wet. Defendant was traveling south on Kelly. Plaintiff was northbound on Kelly and attempted to execute a left turn on to 26th street when the accident occurred.

Plaintiff's car was damaged on the right side in the center, about the entire width of the car. Defendant's car was damaged across the entire front.

Plaintiff testified that he was northbound on Kelly and when he came to 26th street, he looked both ways and started to turn on 26th street and "before I got across something hit me". He said his left signal turn light was on; he had looked north and did not see anything; he was practically out of Kelly; and had already straightened up and headed west when he was struck.

On cross-examination, plaintiff testified that he never did see defendant's car until it struck him; the visibility from 26th street to the north is good and you can see almost four blocks north on Kelly from 26th street. He also testified that he was turning off Kelly but had not left Kelly when he was struck.

Defendant testified that he was driving south on Kelly in the southbound lane of traffic; that he didn't see a car coming from the south until he got to 26th street, and he saw the lights of plaintiff's car;

and "I didn't see any signal and all at once the man turned in front of me and there was nothing I could do about it". Defendant said that when plaintiff's car turned in front of him, he turned a little to the left and if he had not he would have struck plaintiff head on.

We will now consider the alleged error in defendant's cross-examination of the police officer. This officer was the first witness for plaintiff. On direct examination he described the type of vehicles involved and the damages sustained; the weather conditions and the scene of the accident. This witness testified that defendant had a strong odor of alcohol about him and was unsteady on his feet, and in his opinion, defendant was intoxicated. There is no evidence that defendant's intoxication contributed to the cause of the accident. Plaintiff's counsel did not attempt to have the police officer testify concerning the point of impact between the two vehicles.

On cross-examination this witness was asked if as a part of the investigation that he and other officers at the scene conducted, was the point of impact between the two vehicles ascertained. An objection was sustained to this question. On further cross-examination this witness was asked: "Did you and the officer working with you on this investigation ascertain a point of impact?" The court did not sustain an objection to this question but stated that anything the other officer told him would be hearsay. Thereupon, this witness was asked: "Officer, were you and the other officer who investigated this accident able to ascertain the point of impact?" An objection was sustained. Defendant's counsel then asked: "Officer, did you, as opposed to 'something that someone told you', but based on what you could see with your eyes, and in conjunction with the rest of the investigation that you and the officer who assisted you in investigating this accident, did you determine the point of impact?" The trial court sustained an objection to this question. Thereupon this witness was asked: "Officer, where was the point of impact in this accident?", and

he answered: "The point of impact was approximately eighteen feet south of the north curb line of 26th street, approximately twelve feet east of the west curb line".

Plaintiff objected to the last question and answer, and plaintiff's counsel was permitted to show that the point of impact as above described was determined from the report prepared by the other officer. The trial court sustained an objection to this question and answer, and at the request of plaintiff's counsel, the trial court admonished the jury that "you will disregard the statement he (the officer) has made here concerning the point of impact."

Thereafter, defendant's counsel adduced from this witness his background in making investigations and this witness expressed his opinion that the point of impact was "approximately in the middle of the intersection there at 26th and Kelly". The opinion of this witness as to the point of impact was based on the debris that was left at the scene of the accident and was admitted without any objections being made.

The record does not reveal whether this point of impact was the same as the point of impact reflected in the report. However, on re-direct examination of this witness the testimony concerning the point of impact which the trial court admonished the jury to disregard was alluded to by plaintiff's counsel.

Plaintiff cites Houston v. Pettigrew, Okl., 353 P.2d 489; and Nash v. Hiller, Okl., 380 P.2d 77, as controlling in the case at bar. In Houston, the jury returned a verdict for defendant and judgment was rendered accordingly. The trial court granted plaintiff a new trial on the grounds that error resulted from counsel for defendant improperly examining the patrolman and on the grounds that the instructions were incomplete. We affirmed the order granting the new trial on the grounds of the improper examination. In Houston, we said it was not necessary to determine whether the complained of examination of the patrolman served to prej-

udice the jury to the extent that plaintiff was denied a fair trial, but the issue presented was whether the trial court in concluding that said examination was prejudicial and deprived plaintiff of a fair trial acted capriciously and arbitrarily, and in so acting erred upon some pure, simple and unmixed question of law.

In Nash, supra, we reversed the judgment of the trial court and held:

"The posing of questions that contemplate answers that are neither competent, relevant nor material do not ordinarily constitute reversible error. However, where such questions relate to a material issue in the case and are prejudicial, reversible error may result."

In Nash, supra, Nash brought an action against Hiller and Butler for damages resulting from a two-car accident. One of the primary factual issues presented was where Nash passed Butler on the highway. Defendants, by improper examination of a patrolman, adduced testimony concerning this factual issue. We considered this inadmissible evidence in conjunction with other inadmissible evidence which defendants introduced, and concluded plaintiff was deprived of a fair trial.

Assuming arguendo, that we reversed Nash solely on the grounds relating to inadmissible evidence concerning where Nash passed Butler, the facts in the case are distinguishable. In Nash, defendants did not establish from the patrolman by admissible evidence where Nash passed Butler. In the case at bar, defendant's counsel, by proper examination and without objection, was able to elicit from the patrolman his opinion concerning the point of impact. Also, in Nash, we had for our consideration other objectionable evidence which is not presented in the instant case.

The jury returned a unanimous verdict in favor of defendant and there is no contention that it was improperly instructed. Plaintiff called the police officer as his first witness and on cross-examination of the police officer the alleged errors occurred. The trial proceeded without objections on the part of plaintiff and by proper examination and without objections, defendant's counsel elicited from the police officer his opinion concerning the point of impact.

We hold the trial court did not err in denying plaintiff's motion for a new trial.

Certiorari granted; Decision of the Court of Appeals reversed; and Judgment of the trial court affirmed.

WILLIAMS, JACKSON, LAVENDER, BARNES and SIMMS, JJ., concur.

BERRY, C. J., concurs in results.

DAVISON, V. C. J., and HODGES, J., dissent.